Oseas **SOTERRO-HERRERA**,
Petitioner,

v.

**Jefferson B. SESSIONS III, Attorney
General, Respondent.**

No. 15-72541

United States Court of Appeals,
Ninth Circuit.

Submitted May 24, 2017 *

Filed June 1, 2017

Murray David Hilts, Law Offices of
Murray D. Hilts, San Diego, CA, for Petitioner

Jenny C. Lee, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of
Immigration Litigation, Washington, DC,
Chief Counsel ICE, Office of the Chief
Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: THOMAS, Chief Judge, and
SILVERMAN and RAWLINSON, Circuit
Judges.

MEMORANDUM **

Oseas Soterro-Herrera, a native and citizen of Guatemala, petitions for review of
the Board of Immigration Appeals'
("BIA") order denying his motion to remand and dismissing his appeal from an
immigration judge's ("IJ") order denying
reopening of deportation proceedings conducted in absentia. We have jurisdiction
under 8 U.S.C. § 1252. We review for
abuse of discretion the denial of a motion
to reopen and review de novo questions of
law. *Bonilla v. Lynch*, 840 F.3d 575, 581
(9th Cir. 2016). We deny in part and grant
in part the petition for review.

The agency did not abuse its discretion
in declining to reopen based on Soterro-Herrera's contention that alienage had
been improperly established based on his
asylum application, where Soterro-Herrera's counsel admitted all of the factual
allegations in the Order to Show Cause,
which included allegations that he is a
native and citizen of Guatemala. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829
(9th Cir. 2011) (an attorney's admission of
the charging document allegations made
on alien's behalf can bind the alien and
satisfy the government's burden of proof).

Although the IJ incorrectly stated Soterro-Herrera did not request sua sponte
reopening, the agency did not commit legal
error in declining to reopen sua sponte,
where the IJ addressed the merits of sua
sponte reopening despite the misstatement, and where the IJ and BIA both
cited to and applied the correct standard
in denying such relief. *See Mendez-Castro
v. Mukasey*, 552 F.3d 975, 980 (9th Cir.
2009) (the agency applies the correct legal
standard where it expressly cites and applies relevant case law); *Bonilla*, 840 F.3d
at 588 (jurisdiction is limited to review of
sua sponte determinations for legal or constitutional error).

In denying Soterro-Herrera's motion to
remand for relief under the Nicaraguan
Adjustment and Central American Relief
Act of 1997 ("NACARA") as untimely,
the BIA failed to address his contention
that he was entitled to equitable tolling.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Accordingly, we remand for the BIA to consider equitable tolling with regard to NACARA relief. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

In light of this decision, we do not address Soterro-Herrera's contentions regarding eligibility for NACARA relief.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and RE-MANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by Ninth Circuit Rule 36-3.